Frank E. Johnson, Off. Ref.
Testimony has been taken under the order to hear and determine this uncontested divorce action. Plaintiff, by falsely claiming a three-year residence in Connecticut, obtained a divorce from defendant; thereafter defendant married in this State, stating the fact of previous marriage to plaintiff, and the divorce; thereafter plaintiff’s decree was, on the motion of the Connecticut Attorney-Greneral, vacated for plaintiff’s fraud and perjury, thereafter she brought this action, claiming that the defendant’s second marriage, and cohabitation, constituted adultery. The' complaint herein says nothing about his alleged complicity in the Connecticut fraud, or his alleged payment of her attorney there, so his default in this action does not permit an inference that he admits those charges, not made till she took the stand. In the *792 Mexican “ overnight-divorce ” cases cited no such situation existed; the party procuring it against a New York resident obtained no rights in this State, since the “ divorced” spouse was not divorced in the eyes of our courts. The equity, if any, which this plaintiff has to ask this equity court to shut its eyes to her unclean hands, is partly based on the defendant’s alleged complicity; that rests upon her veracity, and there is no other evidence given that will spread the fraud and perjury to defendant. He was given no notice in the served complaint of her intention to blame it on him. If, as is usually said, “ the validity of a marriage is determined by the law of the place where it was contracted; if valid there it will be held valid elsewhere ” (55 O. J. S., Marriage, § 4, pp. 811-812, citing many New York cases), the plaintiff must directly, and not collaterally, attack the defendant’s second marriage; it was based on a then existing State decree which New York was then required to honor, and the marriage conformed to all our then statutes. If upon these facts she should now have a divorce, although he and his second New York wife were duly married here and are still living together, it would seem better for her to seek relief in the appellate court that can decide whether public policy warrants such relief. It may be, however, that plaintiff, instead of now being dismissed, should be allowed to move in Special Term, Part Y, to amend her complaint, and serve defendant therewith; therefore the order, and the records, exhibits, etc., here, are respectfully referred to the Justice who made the order of reference, so that the matter may be hereafter presented to him.